UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE CACERES-ABREU,

    Petitioner,

v.                                      CASE NO. 6:16-cv-134-Orl-28GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Jose Caceres-Abreu ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) pursuant to 28 U.S.C. § 2254 alleging two related claims. Respondents filed a Response to the Petition ("Response," Doc. 12) as well as an Amended Response (Doc. 23), and Petitioner filed a Reply to the Response. (Doc. 27). For the following reasons, the Petition is due to be denied.

### I.    PROCEDURAL HISTORY

By amended information the state of Florida charged Petitioner with conspiracy to traffic in twenty-eight grams or more of heroin (Count One) and two counts of trafficking in twenty-eight grams or more of heroin (Counts Three and Four).[1] (Doc. 24-1 at 65-67). Petitioner entered a no contest plea to the counts as charged and in exchange, the State agreed to seek a twenty-year sentence. (*Id.* at 107-08). The trial judge sitting in Florida's

---

[1] Petitioner was charged along with several other co-defendants; however, he was not charged with Count Two of the information.

Ninth Judicial Circuit sentenced Petitioner to concurrent terms of twenty years imprisonment. (Doc. 24-2 at 3-13). Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. (Doc. 24-4 at 34).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in which he alleged three claims. (*Id.* at 37-58). The trial court summarily denied relief. (*Id.* at 61-65). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 24-5 at 2).

Petitioner subsequently filed a petition for writ of habeas corpus with the Tenth Judicial Circuit Court in Polk County, Florida where he was incarcerated. (Doc. 27-1 at 3-16). That court dismissed the petition (*Id.* at 18), and Petitioner did not appeal. Petitioner also filed a petition for writ of habeas corpus with the trial court (Doc. 24-5 at 9-22), which the judge summarily denied. (*Id.* at 25). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 76).

## II. LEGAL STANDARDS

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 413. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, 529 U.S. at 410. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner

3

shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III. ANALYSIS[2]

Petitioner alleges two related claims for relief: (1) the trial court erred by failing to orally pronounce his sentence, and (2) the trial court's failure to orally pronounce his sentence has resulted in his illegal detention. (Doc. 1 at 5-7). Petitioner raised these claims in his first state habeas petition filed with Florida's Tenth Circuit, which the court dismissed. (Doc. 27-1 at 18). Petitioner again raised these claims in Florida's Ninth Circuit, but the court concluded that the habeas petition was not properly filed in that circuit. (Doc. 24-5 at 25). Petitioner moved for rehearing which the trial court denied, noting that to the extent Petitioner was attempting to attack his criminal judgment, his claims were not properly raised in a habeas petition and instead should have been filed in a Rule 3.850 motion. (*Id.* at 30-31). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 76).

When a prisoner fails to properly present his claims to a state court, he has procedurally defaulted his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). *See also Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999). A per curiam affirmance of a trial court's finding of procedural default is a sufficiently clear and express statement of

---

[2] Respondents argue that the Petition is untimely filed. The Court has reviewed the record and concludes that the Petition was timely filed. Therefore, the Court will address the merits of Petitioner's claims.

4

reliance on an independent and adequate state ground to bar consideration by the federal courts. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990); *see also Ferguson v. Sec'y Dep't of Corr.*, 580 F.3d 1183, 1218 (11th Cir. 2009). "[T]he clear inference to be drawn from the appellate court's per curiam affirmance of the trial court's decision explicitly based on procedural default is that the court accepted not only the judgment but the reasoning of the trial court." *Harmon*, 894 F.2d at 1273.

Procedural default will be excused in only two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The second exception only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent," resulting in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has neither alleged nor shown cause or prejudice for the procedural default. Nor has Petitioner demonstrated that he is actually innocent. Therefore, Petitioner fails to satisfy any of the exceptions to the procedural default bar. Accordingly, these claims are procedurally barred.

Furthermore, Petitioner is essentially asking the Court to review the trial court's failure to adhere to the State of Florida's sentencing procedures. Federal courts may not review a state court's alleged failure to adhere to its own sentencing procedures. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). This applies even when such a claim is "couched in terms

of equal protection and due process." *See Branan*, 861 F.2d at 1508, *quoting Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976). Federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. As such, federal courts may not review claims based exclusively on state law issues. *Branan*, 861 F.2d at 1508 (quotation omitted). Consequently, the Court may not grant relief on a state law sentencing issue.

Alternatively, the Court concludes that Petitioner's claims are without merit. Petitioner contends that the trial court failed to orally pronounce his sentence. However, this assertion is refuted by the record. Petitioner entered a negotiated no contest plea in exchange for a twenty-year sentence. During the plea colloquy, the parties discussed the plea agreement, including the potential maximum sentences Petitioner faced and the fact that the State had agreed to a twenty-year sentence on each count. (Doc. 24-3 at 14-15, 20-22). Petitioner informed the court that he had no questions regarding the plea agreement. (*Id.* at 22). The trial court then stated, "I'll impose the agreed-upon sentence that I told you you would receive." (*Id.* at 24). The trial court again asked if Petitioner had any questions, and Petitioner responded that he did not. (*Id.*).

Florida law provides that every sentence "shall be pronounced in open court . . . ." Fla. R. Crim. P. 3.700(b). It is clear from the transcript of the plea hearing that the trial court pronounced Petitioner's sentence. Petitioner has not provided, and this Court has

6

not found, any legal precedent indicating that the trial court's pronouncement was insufficient or violated the Constitution. Therefore, Petitioner has not demonstrated that the trial court erred or that he is being illegally detained. Accordingly, Petitioner's claims are denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Jose Caceres-Abreu (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, on July, 15 2019.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Jose Caceres-Abreu